UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                             Case No.: 09-27168-BKC-LMI

                                                   Chapter 11

CABI DOWNTOWN, LLC,                                Adv. Proc. No.:

      Debtor.
_____

ENRIQUE AREVALO, *et al*.,
(See list of Condominium Purchasers attached as
Exhibit "A" and incorporated herein by reference)

      Plaintiffs,

v.

CABI DOWNTOWN, LLC,
SIEGFRIED, RIVERA, LERNER,
DE LA TORRE & SOBEL, P.A.,
and BANK OF AMERICA, N.A.,

      Defendants.
_____

**ADVERSARY COMPLAINT**
**DEMAND FOR RETURN OF CONDOMINIUM PURCHASERS' DEPOSITS**

Enrique Arevalo and the Plaintiffs listed on Exhibit "A" attached hereto and incorporated herein by reference (collectively, the "Condominium Purchasers") file this Adversary Complaint seeking declaration that the amount of money being held in escrow for each of the Condominium Purchasers belongs to each Condominium Purchaser free and clear of any claim or interest of Cabi Downtown, LLC (the "Debtor" or the "Developer") and that they are entitled to have that money released to them by Sigfried, Rivera, Lerner, De La Torre & Sobel, P.A. (the "Escrow Agent"), that they are summarily entitled to the release to them of the amounts held in escrow

which is in excess of 15% of the purchase price for each Condominium Purchasers' units and for declaration of an equitable lien against real property owned by the Debtor.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U.S.C. sections 157, 1331, 1334, 2201, and 2202.

2. Venue is appropriate under 28 U.S.C. §1391 in that specific acts giving rise to this litigation arose in this District and division thereof.

## PARTIES

3. The Condominium Purchasers are purchasers of condominium units at EVERGLADES ON THE BAY NORTH AND EVERGLADES ON THE BAY SOUTH from CABI DOWNTOWN, LLC (the "Debtor" or "Developer"). The Developer is a corporation conducting business in MIAMI-DADE County, Florida with its principal address at 19950 West Country Club Drive, Suite 900, Aventura, Florida.

4. SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A. is a Florida professional association which engages in the practice of law in Miami and acts as escrow agent and is holding funds belonging to the Condominium Purchasers against which the Debtor asserts a claimed contingent interest (the "Escrow Agent").

5. BANK OF AMERICA, N.A., is a national bank which has a mortgage on the real property owned by the Debtor (the "Lender").

## FACTS

6. At all times relevant hereto, the Developer marketed and sold to the Condominium Purchasers condominium units and accompanying percentage ownership of common area facilities at EVERGLADES ON THE BAY NORTH AND EVERGLADES ON

THE BAY SOUTH condominiums before the building was constructed. A copy of Plaintiff, Enrique Arevalo's purchase contract is attached as hereto and incorporated by reference herein as Exhibit "B" as an exemplar, as all Condominium Purchasers' contracts are identical in language and full copies of all Condominium Purchasers' contracts (collectively, the "**Contracts**") are in the possession of Debtor.

7. EVERGLADES ON THE BAY NORTH AND EVERGLADES ON THE BAY SOUTH are condominium associations compromising of more than 100 condominium units and percentage ownership of the common area facilities.

8. In accordance with the Contracts, Condominium Purchasers were required to put a minimum of twenty percent (20%) of the purchase price as is set forth in the Contract attached hereto as Exhibit "A" which contains each Plaintiff's name, unit number, the amounts of their deposits.

9. The Contracts further allowed the Developer to remove the amount over 10% of the purchase price from escrow for each of the Condominium Purchasers' units to be used for "construction purposes."

10. Currently, the remainder of the Condominium Purchasers' deposits (i.e. at least 10% of the total purchase price and, in some cases, possibly more) is still being held in escrow accounts on the grounds that rights to the funds are in controversy.

11. Prior to the filing of this Chapter 11 case, various similarly situated purchasers including some of those that are Plaintiffs in this action have filed Florida state court complaints in the Eleventh Judicial Circuit, claiming, *inter alia*, that the Contracts provide that if the Condominium Purchasers fail to close, the Condominium Purchasers are entitled to the return of the amount of the deposit in excess of 15% of the purchase price.

12. The Condominium Purchasers have retained the undersigned counsel and are obligated to pay them a reasonable fee for which the Developer is obligated pursuant to the terms of the Contracts.

## COUNT I
## IMMEDIATE RELEASE OF AMOUNT OF THE DEPOSIT IN EXCESS OF 15% OF THE PURCHASE PRICE

The Condominium Purchasers hereby incorporate paragraphs 1-12 as fully set forth herein and further state:

13. The Condominium Purchasers have an immediate and actual need for a declaratory judgment based on an actual controversy between the parties having adverse legal interest.

14. The Condominium Purchasers paid deposits in the amount of twenty percent (20%) or more of the Purchase Price.

15. The Condominium Purchasers' Contracts state as follows:

> If Purchaser defaults after fifteen percent (15%) of the Purchase Price (exclusive of interest) has been paid, Seller will refund to the Purchaser any amount which remains from those payments Purchaser actually made, after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest. Contracts at ¶13.

16. All the Condominium Purchasers were called to close and failed to close and were placed in default by the Developer.[1]

17. Thus, since the Developer has declared the Condominium Purchasers as being in default, and since the Contract clearly specifies that the Condominium Purchasers are due back the excess of fifteen percent (15%) of their deposits (in most cases twenty-five percent (25%) of

---

[1] In fact, the Debtor has referred to the Condominium Purchasers as "Defaulting Purchasers" in these proceedings. *See, e.g.,* D.E .145 ("The Debtor's records show that, as of the Petition Date, approximately 669 of the Purchasers (the "Defaulting Purchasers") have defaulted on their contracts."

their deposits but in some cases more) as a result of such default, the Condominium Purchasers entitlement to the refund of such funds is without legitimate dispute.

18. Therefore, the amount of the deposit in excess of 15% of the purchase price of the Condominium Purchasers' deposits do not fall under 11 U.S.C. § 541 as property of the estate of the Debtor as the Debtor has no claim to this money.

19. The Condominium Purchasers need a declaration that the Debtor has no claim to this amount and an Order directing the Escrow Agent to remit this amount to the Condominium Purchasers.

WHEREFORE, the Condominium Purchasers respectfully request a declaration that the amount of the deposits in excess of 15% of the purchase price of each of the Condominium Purchasers' deposit should not be included as an asset of the Debtor's bankruptcy estate and an Order directing the Escrow Agent to immediately return this portion of the deposits to each Condominium Purchaser as well as any other relief this Court deems just and proper.

## COUNT II
## DEVELOPER FAILED TO PROVIDE A DISCLOSURE SUMMARY IN VIOLATION OF FLORIDA STATUTES §720.401(1)(a)

Condominium Purchasers hereby incorporate paragraphs 1-12 as fully set forth herein and further state:

20. Defendant established a Master Association which governs the development.

21. In order for a Master Association to be a condominium association, the declaration of condominium must follow the terms described in Florida Statutes §718.104(4)(g)-(1) and it must be governed by Florida Statutes §718.111.

22. The Master Association fails under both these statutes. Therefore, it is not a condominium association governed by Florida Statutes §718.

23. Florida Statutes §720.401(1)(a) specifically provides that "[a] prospective parcel owner in a community must be presented a disclosure summary before executing the contract for sale."

24. The Developer did not present the Condominium Purchasers with a disclosure summary in the form required by §720.401 before executing the Contracts for sale.

25. Florida Statutes §720.401(1)(c) provides:

> If the disclosure summary is not provided to a prospective purchaser before the purchaser executes a contract for the sale of property governed by covenants that are subject to disclosure pursuant to this section, the purchaser may void the contract by delivering to the seller or the seller's agent or representative written notice canceling the contract within 3 days after receipt of the disclosure summary or prior to closing, whichever occurs first. This right may not be waived by the purchaser but terminates at closing.

26. The Condominium Purchasers have never been provided with a disclosure summary in the form required by §720.401 from the Developer and have not closed on the units.

27. The Condominium Purchasers have demanded cancellation of the contract and the return of their deposits and the defendant Developer refuses to comply.

28. In *F&I Properties, Inc. v. Veranda Condominium I, LLC*, Case No. 07-14878, the 17th Circuit Court in and for Broward County, Florida, found that the developer was not exempt from disclosure under Florida Statutes §720.401 simply because the unit is also part of a condominium. A copy of that Order Granting Summary Judgment is attached hereto as Exhibit "C". *See also,* Order on Motion to Dismiss Amended Complaint (Exhibit "D") in this matter in which the Eleventh Circuit Court in and for Miami-Dade County, Florida stated that the Condominium Purchasers may void the Contracts if it was determined by the finder of fact that the apparent noncompliant language of the contract was in fact noncompliant with Fla. Stat. §720.401. In *Bittan v. Cabi Downtown*, *LLC*, 11th Circuit Court Miami Dade County Case No.

6

08-4978-CA-25, the trial court denied a motion to dismiss and found that the Debtor failed to comply with Florida Statutes §720.401 and was not exempt from that statute and that Condominium Purchasers that were not given the disclosure documents in accordance with Florida Statute §720.401 had the right to revoke the contract.

29. Accordingly, the Developer has no claim against the funds held in escrow and this Court should order the escrow agent to return all of the funds held for the Condominium Purchasers over to them.

WHEREFORE, Condominium Purchasers respectfully request of this Honorable Court enter judgment holding that Developer has no claim against the funds held in escrow and this court should order the escrow agent to return all of the funds held for the Condominium Purchasers over to them for the Developer's failure to provide Condominium Purchasers with a disclosure summary in violation of Florida Statutes §720.401(1)(a).

## COUNT III
## IMPROPER USE OF ESCROW DEPOSIT

The Condominium Purchasers hereby incorporate paragraphs 1-12 as fully set forth herein and further state:

30. The Contracts between the Condominium Purchasers and the Defendant provides that the Developer may utilize the amount of the deposit paid in excess of 10% of the purchase price for construction purposes.

31. Florida Statutes §718.202 provides that if the developer uses any of the deposit money for purposes other than construction purposes such as salaries, commissions of sales personnel, or advertising, that Plaintiff is entitled to the return of the deposit.

32. Pursuant to Florida Statutes §718.202, the Condominium Purchasers have the right to the return of the deposits plus interest in the event that the Defendant developer used any use of the deposit money for non-construction uses.

33. The only way for the Condominium Purchasers to determine if the deposit money was used for a purpose other than construction is to conduct discovery.

34. Upon information and belief the Developer may have commingled the deposit money into accounts used for both construction and payment of non-construction expenses such as salaries, commissions, advertising or other non-construction uses.

WHEREFORE, the Condominium Purchasers seek an order declaring that the Condominium Purchasers validly revoked the contract pursuant to §718.202, enter judgment holding that Developer has no claim against the funds held in escrow and this Court should order the Escrow Agent to return all of the funds held for the Condominium Purchasers over to them.

## COUNT IV
## BREACH OF CONTRACT-RESCISSION FOR MATERIAL AND ADVERSE CHANGES

The Condominium Purchasers hereby incorporate paragraphs 1-12 as fully set forth herein and further state:

35. Paragraph 25 of the Contract states:

> THIS AGREEMENT IS ALSO VOIDABLE BY PURCHASER BY DELIVERING WRITTEN NOTICE OF THE PURCHASER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF RECEIPT FROM THE DEVELOPER OF ANY AMENDMENT WHICH MATERIALLY ALTERS OR MODIFIES THE OFFERING IN A MANNER THAT IS ADVERSE TO THE PURCHASER. ANY PURPORTED WAIVER OF THESE VOIDABILITY RIGHTS SHALL BE OF NO EFFECT.

36. The Defendant implemented amendments, which materially altered or modified the original offering to the Condominium Purchasers, in a manner which is both material and adverse to the interest of the Condominium Purchasers.

37. The amendments include: increases to the budget, increases to the monthly assessments, change in the ownership of the common elements of the condominium, the implementation of a leasing program,[2] changes to the building amenities, significant plumbing problems in the North tower, and changes in the way the building is going to be insured.

38. The Condominium Purchasers timely revoked the Contracts.

39. The Developer refused to return to deposits and is therefore in breach of the Contracts and no longer has a valid claim against the funds in escrow.

WHEREFORE, for the above-stated reasons, the Condominium Purchasers pray this court enter judgment holding that Developer has no claim against the funds held in escrow and this Court should order the Escrow Agent to return all of the funds held for the Condominium Purchasers over to them.

---

[2] Florida Statute §718.504(10) requires that the prospectus for a condominium contain a statement of whether the developer's plan includes a program of leasing units rather than selling them. If so, there shall be a description of the plan, including the number and identification of the units and the provisions and terms of the proposed leases. Additionally, Rule 61B-18.008(4), Florida Administrative Code, provides that where a developer has no intention of engaging in a leasing program at the time it submits condominium offering documents to the Division, and does not make the disclosures required by Section 718.504(10), the developer may not subsequently engage in a leasing program until the developer "files an amendment with the Division, pursuant to Rule 61B-17.006, Florida Administrative Code, fully disclosing the information . . . ; and provides a copy of the amendment to the association and to every unit owner." In the original prospectus provided to Plaintiffs, Developer stated that it had no intention of engaging in a leasing program, and therefore did not make disclosures in the prospectus required by F.S. §718.504(10). Developer never filed the necessary amendment with Division before it decided to engage in a program of leasing, in violation of Rule 61B-18.008(4), Florida Administrative Code. Florida Statute §718.503(b) provides that a purchaser may cancel his agreement at any time prior to receiving all of the documents required by F.S. §718.503, thereby entitling the purchaser to a refund of any deposit, together with interest.

9

## COUNT V
## BREACH OF CONTRACT-FAILURE TO PROVIDE MARKETABLE TITLE

The Condominium Purchasers hereby incorporate paragraphs 1-12 as fully set forth herein and further state:

40. Paragraph 10 of the Parties' Contract states, in pertinent part:

    Seller promises that what the title Purchaser will receive at closing will be good, marketable and insurable…

41. Moreover, paragraph 10(b) of the Parties' Contract states, in pertinent part:

    If Seller cannot or elects not to correct the title defects, Purchaser … can cancel this Agreement and receive a full refund of Purchaser's deposits.

42. The Developer notified the Condominium Purchasers that they were scheduled to close on their condominium units.

43. At the time the Condominium Purchasers were called for closing and at the time when the Developer subsequently terminated their Contracts, the Developer could not convey clear and marketable title to the Condominium Purchasers because there were judgments and unpaid liens against the Condominium.

44. The Developer cancelled the Contracts, which is what the Condominium Purchasers had asked for. However, since at the time of cancellation, the Developer was in breach for failure to correct the defects in title within a reasonable amount of time. As such, the developer has no claim against the funds in escrow.

45. The Condominium Purchasers had the right to accept defective title or to cancel the Contracts and get their deposit back.

46. The Condominium Purchasers elect to have their deposits returned.

47. The Condominium Purchasers demanded the return of their deposited funds, but the Developer has failed to comply.

48. As a result of the Developer's breach, the developer has no claim against the funds in escrow.

WHEREFORE, for the above-stated reasons, the Condominium Purchasers pray this Court enter judgment holding that Developer has no claim against the funds held in escrow and this Court should order the Escrow Agent to return all of the funds held for the Condominium Purchasers over to them.

## COUNT VI
## EQUITABLE LIEN

Condominium Purchasers hereby incorporate paragraphs 1-12 as fully set forth herein and further state:

49. The Condominium Purchasers' deposit money was obtained pursuant to a void and/or voidable and illegal contract and/or validly rescinded contract.

50. Some and/or all of the Condominium Purchasers' deposits in excess of 10% were used to construct the Condominium units and building.

51. The Condominium Purchasers' deposit money was used to improve the property that the Lender has a lien on for the Lender's benefit. The Developer cannot provide marketable title and the Condominium Purchasers elected not to close without marketable title.

52. The Condominium Purchasers are entitled to an equitable lien imposed against the units and building for the amount of their deposits used to construct the units and building and for prejudgment interest at the legal rate.

53. The Condominium Purchasers' equitable lien is superior to the Lender's construction loan because the Lender had actual knowledge that the Condominium Purchasers'

deposits were used to construct the building and this was a condition of the Lender's agreement to furnish the construction loan.

WHEREFORE, the Condominium Purchasers respectfully request that this Honorable Court enter an order imposing an equitable lien against the Condominium property for the amount of the deposits used to construct the building and for prejudgment interest at the legal rate and for all other relief this Court deems just including a declaration that the equitable lien is superior to any mortgage lien of the Lender.

DATED: October 21, 2009

Respectfully Submitted,

MILITZOK & LEVY, P.A.
*Attorneys for Plaintiffs*
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
Facsimile: (954) 241-6857

By: /s/ Ely R. Levy
ELY R. LEVY, ESQ.
Florida Bar No.: 15452
MATTHEW J. MILITZOK
Florida Bar No.: 153842

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 21, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By:  /s/ Ely R. Levy
             ELY R. LEVY, ESQ.
             Florida Bar No.: 15452

**SERVICE LIST**
**UNITED STATES BANKRUPTCY COURT**
**Southern District of Florida**
**Case No.: 09-27168-LMI**

Mindy A. Mora, Esq
200 S. Biscayne Blvd #2500
Miami, Fl 33131
(305) 350-2414
(305) 351-2242 (fax)
mmora@bilzin.com

Gary L Blum
3111 Stirling Rd
Fort Lauderdale, FL 33312
(954) 987-7550

Lisa M. Castellano, Esq.
311 Park Place Blvd #250
Clearwater, FL 33759
(727) 712-4000
(727) 796-1484 (fax)
lcastellano@becker-poliakoff.com

Robert G Fracasso Jr, Esq
201 S Biscayne Blvd #1500
Miami, FL 33131
(305) 379-9102
rfracasso@shutts.com

Larry I Glick
201 S Biscayne Blvd # 1500
Miami, FL 33131
(305) 379-9180
lglick@shutts.com

Ira B. Price, Esq.
9560 S.W. 107 Ave #202
Miami, Florida 33176
(305) 670-3030
(305) 670-0016 (fax)

Elizabeth Lee Beck, Esq.
28 W Flagler Street # 555
Miami, Florida 33130
(305) 789-0072
Elizabeth@beckandlee.com

David P. Reiner, II
9100 South Dadeland Boulevard, Suite 901
Miami, Florida 33156-7815
(305) 670-8282
(305) 670-8989 (fax)
*dpr@reinerslaw.com*

Michael Jay Rune II, Esq
901 Ponce de Leon Blvd PH
Coral Gables, FL 33134
(305) 441-8900

Richard Siegmeister
111 SW 5 Ave #104
Miami, FL 33130
305-547-2420
305-547-2422 (fax)
rspa111@att.net

Melinda S Thornton, Esq
111 NW 1 St #2810
Miami, FL 33128
(305) 375-5151
cao.bkc@miamidade.gov

Clifford A. Wolff
1401 E Broward Blvd #204
Fort Lauderdale, FL 33301
954-565-5040

Jeffrey Bast, Esq.
1 S.E. 3 Ave., #1440
Miami, Florida 33131
(305) 379-7904
(305) 379-7905 (fax)
jbast@bastamron.com

Michael S. Budwick, Esq.
200 S Biscayne Blvd., # 3000
Miami, Florida 33131
(305) 358-6363
(305) 358-1221 (fax)
mbudwick@melandrussin.com

14

Frederic C. Buresh, Esq.  
800 SE 3 Ave., # 400  
Ft. Lauderdale, Florida 33316  
fredburesh@aol.com

Mario D. German, Esq.  
55 NE 5 Ave., # 501  
Ft. Lauderdale, Florida 33432  
(561) 417-4993  
(561) 910-9987 (fax)  
info@mdglawoffice.com

Diane Noller Wells, Esq.  
777 Brickell Ave. # 850  
Miami, Florida 33131  
(305) 444-6695  
(305) 374-8202 (fax)  
dwells@devinegoodman.com